JOHN McGARVEY, PLAINTIFF-APPELLEE, v. BOARD OF PENSION COMMISSIONERS OF THE CITY OF HOBOKEN, DEFENDANT-APPELLANT.

Argued October 19, 1937—Decided January 26, 1938.

For the defendant-appellant, *Horace L. Allen*.

For the plaintiff-appellee, *Milat & Gottschalk* (*Walter R. Gottschalk*).

The opinion of the court was delivered by

BODINE, J. The defendant appeals from a judgment in favor of the plaintiff who was appointed a patrolman in the police force of the city of Hoboken, January 23d, 1905. He was promoted to the rank of sergeant and so served until

July 21st, 1930, when he was demoted to the rank of patrolman. He served as such until August 15th, 1930. Application was then made, pursuant to *Pamph. L.* 1920, *p.* 324, for retirement on half pay. The application was as follows: "I do hereby make application to be retired from active duty as a patrolman in the Police Department, City of Hoboken, N. J. I was appointed to the Police Department January 23d, 1905, and having served as an active member since being appointed to the Police Department. I have now attained the age of 59 years. I make this application pursuant to the P. L. 1920, Chapter 160."

Having met the requirements of the statute, he was duly retired and for over a period of three years received one-half a patrolman's pay. The present action was brought for the difference between the half pay of a sergeant of police and that of a patrolman. The court below decided that the plaintiff was entitled to this difference by reason of *Pamph. L.* 1919, *p.* 587.

"This act provides that one who has 'honorably served' in either department for the 'required number of years to entitle' him 'to retire, or to be retired, on a pension,' shall not be deprived of his pension privileges 'because of any violation of the rules and regulations established for the government of such department, but he may be fined, reprimanded or discharged * * *.'" *Plunkett* v. *Pension Commissioners of Hoboken,* 113 *N. J. L.* 230, 234. This case was affirmed in 114 *Id.* 273, on the opinion below. Mr. Justice Heher in delivering the opinion of the Supreme Court said: "The act of 1920 contains no such provision. It is complete in itself, and contains a repealer of all acts inconsistent therewith. It would seem, therefore, that the legislative intent was to supersede, by this enactment, the act of 1919." This certainly was the rule of law governing the situation presented, and for the determination of this case it is unnecessary to say more. "When a general rule is provided by the legislature to cover an entire subject-matter, all earlier and different legislative rules touching such matter was to be discarded in favor of such later rule. *Harrington* v. *Jersey City,*

78 *N. J. L.* 610." *Board of Education* v. *Tait,* 81 *N. J. Eq.* 162.

In the present case, prosecutor had been demoted for a violation of the rules and regulations of the department.

The 1920 act, *Pamph. L., p.* 324, so far as pertinent, provides: "* * * any policeman * * * or members of the police * * * department * * *, who shall have honorably served in such police * * * department for a period of twenty years, and attained the age of fifty, shall, upon his own application be retired on half pay."

The plaintiff complied with this provision of law. Under this statute he was entitled to nothing more than he received. There was no finding that he had not honorably served, and there is nothing in the statute to entitle him to more than half of the pay due to the position that he occupied upon retirement.

As was said by Mr. Justice Case in *Bader* v. *Crone,* 116 *N. J. L.* 329, 331: "It appears to be the general rule, and is certainly the rule in this state, that compulsory deductions from the salaries of governmental employes by the authority of the government for the support of a pension fund create no contractual or vested right between such employes and the government, and neither such employes nor those claiming under them have any rights except their claims be based upon and within the statute governing the fund."

We can only conclude that the plaintiff under the law was entitled to no more than called for by the act of 1920, page 324, since there is no provision in the 1920 act for a pension other than that based on the pay at retirement.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Dear, Wells, Wolfskeil, Rafferty, JJ.   13.